## BULKLEY vs. VAN WYCK.

The answer of infants by their guardian is a pleading merely, and not an examination for the purpose of discovery ; it is not evidence therefore in their favor, although it is responsive to the bill and sworn to by their guardian ad litem.

A complainant cannot, by any form of pleading, compel an infant to become a witness against himself.

Where the defendants are not jointly interested in respect to the claim made against them by the bill, the complainant may waive an answer on oath as to some of them, and not as to the others.

Where a party in the suit has no interest in a question which is brought up on an appeal by another party, the party who has no interest in the question can neither be charged with nor allowed costs upon such appeal.

January 19. THIS was an appeal from so much of an order of the vice chancellor of the first circuit, allowing the complainant to amend, as precluded him from waiving an answer on oath

from the new parties ; who, by the amendments, were to be made defendants in the suit.

*W. Silliman,* for the complainant.

*A. L. M'Donald,* for the defendant.

THE CHANCELLOR. The defendant in this case has no interest whatever in the question presented upon this appeal ; as the answers of the new defendants, responsive to the bill, cannot be used as evidence, either for or against him, at the hearing, in relation to any matter in which he has a personal interest. If, as suggested, the new defendants are infants, their answer on oath, by their guardian, would not be evidence in their own favor ; and in that case it is perfectly immaterial to them whether an answer on oath is or is not waived, as the statutory provision on this subject is not applicable to the case of an infant, who never could be compelled by the complainant to become a witness against himself, by any form of pleading. He is not allowed to answer personally ; and his answer by his guardian is a pleading merely, and not an examination for the purposes of discovery, although an answer on oath is not waived by the complainant. If any of the children are adults, they may have an interest in the question whether an answer on oath shall be waived as to them. But as they were not before the court, on the application to amend the bill for the purpose of making them parties, no decision could be made which would prevent them from making the objection afterwards, if the waiver of an answer on oath was irregular as to them. The proper course, therefore, would have been to allow the complainant to make the amendment as proposed, in this respect ; saving the right of the new defendants to object to the form of the bill when they should be brought before the court, to answer the same. I do not, at present, see any legal objection to a complainant's waiving an answer on oath as to one defendant and not as to another, where they are not jointly interested in the claim made against them. Where the complainant seeks to charge all

the defendants jointly, in the same right, it might perhaps furnish a good ground of demurrer to the form of the bill, that the answer on oath was waived as to one defendant and not as to the others. Upon this question, however, I do not intend to express an opinion in the present case, as it is not now before me for decision. The object of the complainant in this suit, so far as I can understand it from the papers before me, is, to show that the property in controversy belongs to the defendant, and not to his children who are to be brought before the court by the amendment, and to obtain a decree for the payment of his debt out of the property on that ground. Their interests, therefore, are separate and distinct, and the answers or admissions of one would not be evidence for or against the other.

The order of the vice chancellor must be modified so far as to permit the complainant to waive an answer on oath as to such of the children of the present defendant as are infants, and also as to such of them as are adults; but without prejudice to their rights, if they have any, when they shall be brought before the court as parties. As the defendant has no interest in the question which is brought before the court by this appeal, he is neither entitled to, nor can he be charged with costs; and his children, who are not yet made parties to the suit, by the amendment of the bill, are in the same situation as to costs. None can, therefore, be given, either against or in favor of the appellant.

The proceedings are to be remitted to the vice chancellor, so that the amendments may be made there, and the cause be brought to a hearing before him.