BARNARD KENDIG, FOR USE OF H. N. GOULD, PLAINTIFF IN ERROR, vs. THOMAS GILES, DEFENDANT IN ERROR.

1. In suits brought in the name of A. for the use of B., the nominal plaintiff is A.; the *real* plaintiff is the person for whose use it is instituted.

2. The assignee can only bring suit in the name of the nominal plaintiff, where there is a legal assignment of the right of action, and by such assignment *a right* to use the name of the assignor. Where in such suits the declaration does not disclose a legal assignment in the real plaintiff, of the right of action, it will be held bad on demurrer thereto.

3. A right of action on a warranty of soundness contained in a bill of sale of a slave (said warranty not containing a promise to the *assigns* or order of the purchaser or to bearer,) is not negotiable by assignment either at common law, by the statute of Ann, or by the act of the Legislature of this State, so as to vest in the assignee a right of action on the warranty, in a suit at *common law.*

This case was decided at Marianna.

This was an action of Assumpsit, upon warrant of soundness of a slave sold by said Giles to the said Kendig, tried in the Circuit Court of the county of Santa Rosa. The count in the declaration relied upon is in the following words, viz:

"SANTA ROSA COUNTY, TO WIT: Barnard Kendig (the plaintiff in this suit,) who sues for the use of H. N. Gould, by Jordan and Chain, his attorneys, complains of Thomas Giles, the defendant in this suit, who has been summoned to answer the said plaintiff of a plea of trespass on the case in assumpsit. For that whereas, on the fifth day of May, in the year of our Lord one thousand eight hundred and fifty-eight, at Santa Rosa county, in consideration that the said plain-

tiff, at the special instance and request of the said defendant would buy of the said defendant a certain negro man named Bill, a slave for life, at and for a certain price or sum of money, to wit: the sum of eight hundred and fifty dollars, to be therefor paid by the said plaintiff, he the said defendant undertook, then and there faithfully promised the said plaintiff that the said negro was sound in body and mind and a slave for life; and the said plaintiff avers that he, confiding in the said promise and undertaking of the said defendant, did afterwards, to wit, on the day and year aforesaid, buy the said negro, a slave, of the said defendant, and then and there paid him for the same the sum of money, and thereupon the said defendant executed and delivered to the plaintiff, together with the said negro, a bill of sale for said negro in the words and figures following, viz:

$850                                MOBILE, May 5th, 1858.

"Received of Barnard Kindig, eight hundred and fifty dollars in full payment for a negro man named Bill, aged about twenty-three years, which slave I hereby warrant sound in body and mind, and a slave for life; and I also hereby warrant the title of said slave.

THOMAS GILES.

Witness:   A. H. ROULSTON.

"And which is hereby shown to the Court. Nevertheless the said defendant contriving and fraudulently intending to injure the said plaintiff, did not perform or regard his said promise and undertaking so by him made as aforesaid, on his aforesaid bill of sale, but thereby craftily and subtily in this, to wit: that the said negro slave at the time of making of said promise and undertaking of the said defendant was not sound in body and mind, but on the contrary thereof, was at that time unsound in body and mind, and was of no use or value to the said plaintiff, and he the said plaintiff has been put to great charges and expense in em-

ploying physicians to prescribe for and nurse and attend said negro slave, and in loss of his services and labor, in the whole amounting to eight hundred and fifty dollars, to wit, at Santa Rosa as aforesaid."

It appears by the record, that the said bill of sale has on the back thereof the following transfer, viz:

"For the sum of one dollar to me in hand paid by H. N. Gould, at and before the signing of this bill of sale, I do hereby transfer all my right and title to the within slave Bill.

B. KENDIG.

To this declaration, the defendant filed the following demurrer:

"And the said defendant says that the said declaration is not sufficient in law and assigns the following cause therefor:

"This suit is brought in the name of Barnard Kendig, for the use of Gould, instead of the name of Barnard Kendig alone."

Joinder in demurrer is filed, and the court below sustained the demurrer and ordered the suit dismissed. In the rendition of said judgment it is alleged there is error.

The error assigned is, "That the Court erred in sustaining the demurrer to the plaintiff's declaration."

*Jordon & Chain* for plaintiff in error.

*Mc Whorter* for defendant in error.

FORWARD, J., delivered the opinion of the Court.

It is contended by the plaintiff in error that it is immaterial for whose benefit or use the suit is brought, if the plaintiff has a legal right or cause of action. This leads us to determine who is the real plaintiff to this suit, and the nature of a suit brought for the use of another. In this

suit, as in all suits brought for the use of another, the person in whose name the suit is brought for the use of another is but the *nominal* plaintiff—the *real* plaintiff is the person for whose use it is instituted; he brings the suit in the name of the nominal plaintiff, *by virtue of a right to use his name*, and if he recovers, the proceeds go to him—consequently he controls the suit and he may discharge it. The nominal plaintiff has no control or management of the suit.

It is clearly settled that any release by an assignor of his assignee's claims is a nullity. 9 Cowen, 34; 3 Johnson, 426.

The real plaintiff in this suit being the said H. N. Gould, the question arises under the facts disclosed in the declaration, whether the court will recognize in Gould, the present holder of said bill of sale containing said warranty, the right to use the name of said Kendig, the nominal plaintiff. This can only be done where there is a legal assignment.

No privity or connexion is AT LAW created between the said Kendig and said Gould, unless there is a legal assignment of said warrant so as to entitle the said Gould to hold the proceeds to his own use if he recovered.

It will be seen by reference to the warrant in said bill of sale, that it is not made to the *assigns* of said Kendig; it is a warranty to said Kendig, and being a personal warranty, does not pass with the slave. The said Kendig had in said bill of sale a title to said negro; in addition to the title he had the right to maintain an action for a breach of warranty for any undsoundness that may have existed at the time of the purchase from said Giles. Could he make an assignment of this right to maintain an action, that would be recognized in a court of law? He and Gould, his assignee, cannot both sue said Giles on his warranty. A mere right to sue is not assignable at common law, so as to vest the legal title in the assignee; nor is the right to sue on this

34

warranty negotiable under the provisions of the statute of Ann, because the warranty is not made to the order or assigns of said Kendig or to bearer. It contains no negotiable words; 3 Kent, 77. This warranty not being assignable at common law nor under the statute of Ann, we are to look at the statue of this State, to see whether it is made assignable by its provisions.

Our statute of 1828, (see Thompson's Digest, page 348) provides: "It shall not be necessary for any person who sues upon any bond, note, covenant, deed, bill of exchange or other writing, whereby money is promised or secured to be paid, to prove the execution of said bond, note, covenant, deed, bill of exchange or other writing, unless the same shall be denied by the defendant under oath."

"The assignment or endorsement of any of the *fore-mentioned* instruments of writing shall vest the assignee or endorsee thereof with the same rights, powers, and capacities as might have been possessed by the assignor or endorser."

This right to maintain an action for a breach of warranty is neither a bond, note, covenant, deed, bill of exchange nor other writing *whereby money is promised to be paid;* it gives only a right of action, which may or may not be maintained. In warranties of this kind, damages constitute the gist of the action; soundness or unsoundness is the issue. If the negro was unsound, the right of action accrued to the said Barnard Kendig, although he may have parted with the slave and the title to the slave. 1 Henry Blackstone, 17; 1 Dunford & East., 136; 2 Dunford & East, 745; 1 Taunton, 368. In construing this act we think it was not the intention of the Legislature to include within its provisions such an instrument as this, and make it *negotiable.*

Such was the construction given by the Supreme Court of Georgia, in the case of Broughton vs. Badgett, 1 Kelly's Reports, page 77, to a similar statute in that State.

Whether the said Kendig intended to assign to the said Gould his right of action on said warranty or not, we do not decide, nor whether, if said intent should be established, a Court of Equity might not take jurisdiction in the name of the real party.

We hold that a *court of law* will not recognize the right of said Gould under this instrument of writing to use the name of said Barnard Kendig, therefore the court below committed no error in sustaining the demurrer to the declaration.

*Per curiam.* Let the judgment be affirmed with costs.