## Hathcock et al. *v.* B. F. Owen, use of Haynes et al.

1. Promissory note—Effect of delivery of note payable to bearer.—A note payable to bearer is negotiable by delivery. A transfer in that mode is an order to the makers to pay the holder, and invests the holder thus acquiring the possession, with the complete legal title.

2. Prommissory note—Equity to proceeds—Legal right.—There may be an equity to the proceeds of a note payable to bearer as complete as when the paper is payable to order. If there has not been an actual delivery of the note, although the usees may be interested in the money due upon it, the legal right, dry and naked, remains in the payee.

3. Same—Same—Same—Case.—O. was payee of a promissory note payable to bearer, made by H. & Z. H., O., W. and others, were interested in the proceeds, but there had been no delivery of notes to them. *Held :* Suit was properly brought in the name of O. for the use, etc.

4. Process—Plea to merits.—A defective writ is cured by a plea to the merits.

5. Promissory note—Equitable rights not considered in a court of law.— It will not defeat a recovery to show that parties not before the the court, have a

beneficial interest in the proceeds. It is sufficient, if the plaintiff has the legal title to the note.

6. PROMISSORY NOTE—DEFENSE AGAINST SUBSTANTIAL HOLDER.—But payment made to or effects against the substantial holder, although by equitable title, is a valid defense to the suit, by the payee as nominal plaintiff.

7. JUDGMENT—EXCESSIVE—CALCULATION.—An excess in the amount of a judgment, not considered, because of a calculation in accordance with the rule of court, was not considered.

Error to the circuit court of Holmes county. CUNNINGHAM, J.

The facts of the case appear in the opinion of the court.

*H. S. Allen*, for plaintiff in error.

The legal title to a promissory note payable to bearer, passes by delivery, and suit should be brought in the bearer's name. Story on Promissory Notes, (3d ed.), §§ 116 and 117; Dowell v. Brown, 13 S. & M., 42; Lake v. Hastings, use, etc., 26 Miss., 490; Beard, adm'r, v. Griffin, 10 S. & M., 586; 1 Chitty on Plead., (8 Am, ed.), 2; 1 Parsons on Con., 205; Newell v. Fisher, 24 Miss., 392; Winstead v. Davis, adm'r, 40 Miss., 785; Bacon et al., v. Cohea et al., 12 S. & M., 516.

The omission of the name of J. M. Haynes, one of the usees in the writ, was error, and such an error as is not cured by verdict. The "variance" referred to in Rev. Code, 50, art. 181, is a "variance" in form, and not of substance.

The suit was abated as to Walton, one of the (usees) bearers in the suit. This was error. Walton had a "joint legal" interest in the note; and his interest therein on his death, passed to his administrator. His (co-usees) co-bearers had no right to recover his interest, and drive his administrator to a suit in equity, to recover his share from his surviving co-bearers. As the law once stood, the above course would have probably been the proper one; but, by the Rev. Code, 486, art. 49, the law is changed; and it has changed to: avoid a multiplicity of suits. I suggest that an administrator should have been appointed for that suit. According to Rev. Code, 457, art. 134, the latter clause, where a note is payable to two or more, all must sign the transfer, or the

transferee is not invested with the above "legal" title. See Bennett v. McGaughy, 3 Howard, 292, and on the principle all in whom the "legal" title is, must join in bringing the suit where the action is joint.

The note sued on was made a part of the complaint, and not filed with the complaint, as required by law. The note is no part of the declaration, and cannot be referred to in aid of the declaration. Blackwell v. Reid, 41 Miss., 102; Hardin v. Phelan, ib., 112.

The judgment was for $319 17, on November 4th, 1867, when it should have been for only $254 33, making $64 84 too much, calculating interest at six per cent.

*Anderson & Owen,* for defendant in error.

It is too late to object, for the first time in this court, that the legal title to the note sued on, is not in the plaintiffs. If the objection had been made on the trial in the court below, the plaintiffs could have met it by an amendment of the pleadings—by striking out the name of the payee of the note. Bowles v. Wright, Davenport, & Co., 34 Miss., 409; Rev. Code, 504, art. 166; Barney v. Scheiling, 40 Miss., 321; Coleman v. Lamar, 40 Miss., 775; 41 Miss., 192; 41 Miss., 623.

If there was an insufficiency of the writ, it was caused by the appearance and pleading of the defendants. Fisher v. Battaile, 31 Miss., 471.

The plaintiffs in error are not the custodians of the interests of the estate of the late J. B. Walton, and have no right to complain of what does not prejudice them, the plaintiffs in error, in the premises. This court will not reverse for error which does not prejudice the party complaining. Hewitt v. Cobb & Co., 40 Miss., 63,

The 4th error assigned is, that the note sued on was made a part of the complaint, and no cause of action shown by the declaration. This objection is founded on the case of Blackwell v. Reid & Co., reported in 41 Miss., 103. By reference to that case, the court will see that the objection was made by demurrer to the declaration.

The 5th error is, that there is an excess of interest of sixty-five dollars and forty cents in the judgment, which is a mistake of fact, there being no excess of interest. This objection, if true, would be remedied by remitting the excess of interest, and this court would give the judgment that the court below should have done.

But excessive interest, is not a cause for reversal when the objection is not made in the court below. 41 Miss., 116; ib., 192; ib., 59; 39 Miss., 326; 38 Miss., 242–43.

*II. S. Allen,* in reply.

1st. A plaintiff must make a case or show title by his declaration, and if he does not do it, he is not entitled to recover in any court.

2d. The note is not a part of the declaration in this case, and cannot be read to lessen the amount of interest.

SIMRALL, J.:

Suit was brought by B. F. Owen, for the use of J. M. Haynes, A. G. Otey, J. M. West, T. S. Wright, J. F. Wade, J. B. Walton, against Hatchcock and L. Zeigler, makers of a promissory note, payable to said Owen or bearer. The death of the usees, Walton, Otey and West were suggested. The suit abated as to Walton, but was renewed in the name of the legal representatives of Otey and West. The defendants pleaded *non assumpsit.* At the November term, 1867, they, by attorney, waived their plea, and making no further defense, judgment final was rendered against them. The questions made in this court by the assignment of errors are : 1st. That the note being payable to bearer, there was not a legal title to the paper in Owen, the nominal plaintiff, and therefore, the suit should have been brought by the usees in their own name ; 2d. The writ which was served on Hatchcock, omitted the name of one of the usees; and 3d. There was abatement as to one of the usees, and no revivor against his legal representative.

1st. A note payable to bearer is negotiable by delivery.

A transfer in that mode is an order to the makers to pay to the holder, and invests the holder thus acquiring the paper with the complete legal title. There may be an equity to the proceeds of a note payable to bearer, as complete as when the paper is payable to order.

2d. It is quite easy to form a distinct conception of this equitable right, whilst the ownership may be in the payee or some other person as trustee for usees.

3d. If there has not been an actual delivery of the note, although the usees may be interested in the money due upon it, the legal right, dry and naked, remains in the payee. The record does not show that Owen has divested himself of the legal title. There is no averment that the usees acquired ownership by delivery. Nor is there any allegation of the transfer of the paper.

Whilst the authorities quoted by the counsel for the plaintiff in error affirm the well settled doctrine that the plaintiff in a court of law must show a legal title to the paper sued on, they have no application to this case. It does not appear that the note in controversy was transferred to the usees by delivery. And, therefore, there has not been such negotiation of the paper as would enable them to sue directly in their own names.

It would have been competent for the defendants (if they had not abandoned their plea), to have shown that the usees were the holders and owners of the note by transfer; or that the legal title was not in the owner, but somebody else, and thereby have defeated a recovery in the then state of the pleadings. But having waived the plea, they came too late to litigate the question in this court. In reality there is nothing in the record to predicate the objection upon.

If there was a serious defect in the writ which was served on Hathcock, it was cured by his plea to the merits. The office of the process was to give notice of the suit, and confer jurisdiction on the court over the person of the defendant. If he appears and pleads on defective service of the writ, or on service of a defective writ, or without a writ

at all, the end of the law in this behalf has been attained, and jurisdiction over him for all the purposes of the suit has been acquired.

The last objection is the abatement of the suit as to one of the usees, and no revivor as to his legal representatives. In Belle G. Eckford et al. v. Hogan & Christian, adm'rs, MS. opinion, we carefully looked into the cases on the subject of the interests of parties to negotiable paper, as to the remedy at law. In Field v. Weir, 28 Miss., 67, it was quite distinctly intimated by the court, that the maker of a note had no concern, when sued by the payee for the use of another, with the equitable interests of parties to the money. The legal tribunal takes cognizance alone of legal interests, for the most part leaving the equities to be settled by another court. The very point went into judgment in Chadsey v. Lewis, Gillm. Ill. R., 159 ; and McHenry v. Ridgely, 2 Scam., 309. In these cases the effort was to defeat a recovery, by showing that other parties not before the court had a beneficial interest in the debt. In the latter case, the plea was that the note was the property of the bank; that it was indorsed to "Ridgely, cashier," who had no interest in it. The court coming to the conclusion that the legal interest was in the plaintiff, would not suffer the fact that he held as trustee for the bank, to defeat the suit; it is sufficient that he has the legal title. So this suit being in the name of Owen, the payee, and there being nothing in the record to show that the note has been negotiated, so as to pass the legal title, he has a right to stand upon his legal right in a court of law.

There is nothing in these views which militates against the right of the maker to set up payment either to the payee before notice of a transfer to the equitable holder, or the same or like defense against the latter, accruing after his interest was acquired. Payments made to, or offsets against the substantial holder, although by equitable title, are valid defenses to the suit by the payee as nominal plaintiff.

Let the judgment be affirmed.