Anderson, J.
delivered the opinion of the court.
The court is of opinion that William W. Minor, executor of Dabney Minor, deceased, had no interest in the subject of the suit, and was not a necessary party. The deed of trust was executed to secure the payment to the said Minor, as executor as aforesaid, of four bonds, which had been given to him by Bartlett A. Henson and his sureties, Benjamin Henson, the appellee, and others, for the purchase money of a tract of land belonging to the estate of Dabney Minor, deceased, which had been sold and conveyed by deed of record by said Minor, executor as aforesaid, to the said Bartlett A. Henson, and which, subsequently, the said Bartlett sold and conveyed to the appellant. Three of the bonds were fully paid by the principal himself to the said Minor. Upon the fourth and last bond suit had been brought, and judgment obtained by the said Minor, which was fully satisfied by Benjamin Henson, the appellee, one of Bartlett A. Henson’s securities, who brought this bill in equity, to enforce by right of subrogatiou, Minor’s lien upon the land.
What interest could Minor have in the suit? He was fully satisfied of the debt secured by the deed of trust, and had no further interest in the subject. And the security of the debtor was entitled for so much of it as had been paid by him, to be subrogated to the securities and remedies of Minor, the creditor, upon well established principles of equity.
If the appellee was seeking to enforce this lien as the assignee of Minor, upon the authority of Littlejohn v. Ferguson, 18 Gratt. 53, 81, 82 and 83, Minor would not have been a necessary party. Minor did assign to him without recourse. But it is insisted by the learned counsel for the appellant, that the assignment was nu *515 gatory, because Minor having received payment, the debt due him was discharged, and he had no interest in the bond and security to assign. Whether the as signment was nugatory or not it is not material to decide. But the argument that it is, is .based on the concession that Minor had no interest in the subject of the suit. Why then should he be made a party to a suit in which he had no interest? There is less reason for making him a party to a bill by a security who paid the debt, to substitute him to his rights and remedies, than in a bill by his assignee to enforce the lien; because, in the latter case, the security does not rely on the ground of a transfer of his right by the act of Minor.
And it is not necessary that he should be made a party for the protection of the appellant, the subsequent purchaser of the land, because, when the appellee paid the debt, his payment was a full satisfaction and discharge of the obligation of his principal and his securities to Minor, and is a legal bar to any claim which might be made by him to the land. Minor has no claim that he could set up against it. His bond is filed in the clerk’s office with the record of the suit, and is merged in the judgment, which the return upon the execution shows is satisfied. After the bond was discharged he has no claim against the land which he could ever assert. It is not then necessary for the appellant’s protection that Minor should be a party to the suit; and there is no error in the judgment of the court overruling the demurrer for this cause.
The court is further of opinion that there is no error for which the decree should be reversed for not decreeing primarily against Bartlett A. Henson personally. Omohundro asked for no decree against him. He, as grantee of Henson, took the land as it was in *516 the hands of Henson, subject to. the lien. And as it was competent for Minor to have proceeded primarily against the land in the hands of Henson, to subject it to the payment of the debt, so it was competent for him to have, proceeded against it primarily in the' hands of Omohundro, the purchaser from Henson, with notice of the lien; and if Omohundro had paid Henson, he had recourse against him on his covenants. But the court having all the parties before it, to the end that complete justice might be done, might have decreed over in favor of Omohundro against Henson, his grantor, if, upon an issue being made between them, it appeared that Omohundro was entitled to recourse agaiust him. But no such demand was made by Omohundro, and no such issue was made between him and Henson. If it had been, it was a matter of interest only between the appellant and his grantor, which did not concern the appellee. He was entitled to stand in the shoes of the creditor, whose debt he had paid, who had an unqualified right to recourse primarily against the land. And if a decree over against his grantors can be of any avail to the appellant, the cause is still open for him to ask for such decree, which might raise an issue between him and his grantor, if he should have any equities against it, which may still be determined by the court below in this cause; but it is not right that the appellee should be postponed to give the appellant further time to litigate such matter with his grautor,—if he should desire to do so.
The court sees no error, and is of opinion to affirm the decree of the Circuit court with costs ahd damages.
Decree arrirmed.