EGBERT C. SAMMIS AS ADMINISTRATOR, ETC., APPELLANT, VS. JAMES S. WIGHTMAN FOR USE OF J. AND L. MARCHER, APPELLEE.

Where a judgment at law has been assigned absolutely and unconditionally, by the plaintiff therein, the assignee, owning the same, is an indispensable party to a suit in equity to enforce the judgment against alleged assets of the judgment debtor, and such assignee cannot enforce it in the name of the assignor as suing for the use of the assignee. The assignor is a mere nominal and unnecsssary party, yet not an improper one.

Appeal from the Circuit Court for Duval county.

### STATEMENT.

The introductory part of the bill, omitting the address, is as follows: "James S. Wightman, * * suing for the use of James Marcher and Lucetta Marcher, * * who exhibits this, his bill for himself as aforesaid, and for all others in like situation who may come in as parties complainant, and bear his or their proportion of the cost and expense hereof, brings this his bill of complaint against Egbert C. Sammis, as administrator of the estate of John S. Sammis, and said Egbert C. Sammis as an individual. * * Humbly complaining your orator shows as follows." The material allegations are :

1. That J. S. Sammis was on January 10th, 1880, indebted to Wightman, and on that day Wightman recovered judgment against him in the Supreme Court of the State of New York, for the city and county of New York, in the sum of $2,270.14, which sum was then and there justly due and owing from said Sammis to "your orator." That subsequently "your orator for valuable consideration assigned the said judgment to the aforesaid James and Lucetta Marcher."

2. That on November 18th, 1883, J. S. Sammis departed this life intestate in Duval county, which was then his residence and domicil. That letters of administration of the estate of said John were duly issued February 26th, 1884, to Egbert C. Sammis, who is a son

and heir-at-law of said John, on Egbert's application, by the County Court of Duval county.

3. That on October 25th, 1886, "your orator" instituted in the Circuit Court of Duval county suit at law against said Egbert as such administrator on said judgment, and on January 11th, 1887, recovered judgment against said administrator, leviable of the goods and chattels, lands and tenements of said John for the sum of $3,223.59, "as by reference to the files and records of this court in said cause, on the law side thereof, reference being hereby thereunto had, will fully and at length appear, and your orator prays that said files and records be made by this reference a part hereof."

4. That on February 23rd, 1887, execution was duly issued on said judgment to the sheriff of said county, and said execution had been returned by the said sheriff with his official return duly endorsed thereon: "No property found;" all of which will appear by reference to said original execution filed in said cause, and by reference made a part of this bill. That the judgment is wholly unsatisfied, and no part of it has been paid to "your orator."

5. That said Egbert has made no returns to, or settled with, the said Probate Court, or any court whatever, with respect of his said administration, and has done nothing whatever, as your orator is advised, and believes, and so states the fact to be in respect of said administration, other than to sue out said letters of administration, and to resist the recovery by your orator

of his said judgment in the Circuit Court of Duval county, but has wholly made default in respect thereto.

6. For some years preceding his death, and continuously down to that time, or to a period very near thereto, the said John owned, and was in possession of moneys and United States bonds and other securities of great value. "Your orator" is not informed as to the amount of this money, or the denomination or other means of identity of these bonds and securities, or as to the disposition made of them by the said Sammis, if he made any disposition thereof, but "your orator" avers that said Egbert was a member of the family of said John during the said years, and continuously down to the time of his death, and was, with his mother, the wife of said John, and his father, the sole members constituting the family of said John, and was familiar with the monetary and business affairs of said John, and well knew of the possession by him of said securities, moneys and bonds, and the disposition, if any, made by him thereof. And "your orator" avers that said moneys and securities were on hand at the time of his death, and subject to administration by said Egbert, as such administrator, and were disposed of by said John, in part, to the said Egbert, and in part to his mother, and in part to other children of said John, who received the same without any consideration being paid therefor, and in fraud of "your orator;" and so it is the said Egbert is

liable for the part so received by him, to be accounted for in his capacity of said administrator, or as voluntary doee of the said John.

7. That on October 18th, 1883, the said John was seized in fee and possessed of large and valuable tracts of land in Duval county; and the bill then alleges the conveyance by said John to said Egbert of certain lands by designated deeds, of which copies are annexed to the bill as a part thereof, to wit: One deed dated October 17th, 1883, and two deeds dated the next day, five dollars being the consideration cited in each of them, and another on the 20th day of the same month, the consideration named therein being one dollar; which deeds are alleged to have been recorded in the office of the Clerk of the Circuit Court of Duval county on the last stated day. But "your orator avers that in point of fact no consideration valuable in law was paid for said lands so conveyed by said conveyances, and that these conveyances were wholly voluntary, and were in law and in fact a fraud upon the creditors of said John; and that said Egbert was aware when he received these several conveyances, that the said John was indebted to your orator and others; and further, that said conveyances were executed by said John and received by said Egbert for the purpose and with the intent to hinder, delay and defraud the creditors of said John in the collection of the several debts."

8. And "your orator" avers that the said several conveyances embraced in substance and in fact all the

visible and tangible estate of the said John subject to execution at law, and were devised and contrived by the said grantor in covin and fraud to place the property of said John beyond the reach of his creditors.

9. The bill prays that said several conveyances be declared, as to "your orator," fraudulent, null and void, and that the land therein described be decreed to be sold to pay the said judgment to "your orator," and the costs and expenses of this suit; and that said Egbert make full discovery under oath as to the bonds, securities and moneys and other property and assets received by him as administrator and as voluntary donee of John, and that he account as to the same; and that the amount due your orator be ascertained, and that said Egbert be decreed to pay the same; and for general relief and process.

To this bill the defendant demurred on the following grounds: 1. Complainant has not stated a case entitling him to equitable relief. 2. The alleged assignees of the judgment are not parties, but the complainant seeks to sue for himself. 3. The return of the execution not sufficient. 4. Laches and staleness of claim. 5. Allegations as to bonds and securities too indefinite and uncertain to entitle complainant to relief or discovery. 6. The alleged voluntary conveyances not shown to be a fraud on complainant; nor does it appear that John S. Sammis when he made them was not in a condition to make the alleged conveyances so as to convey title against all persons. 7. No copy of judgment and execution attached to the bill.

The demurrer having been overruled by the chancellor, the defendant appealed.

The other facts in the case are stated in the opinion.

*C. P. & J. C. Cooper* for Appellant.

*A. W. Cockrell & Son* for Appellee.

RANEY, C. J.:

The second of the grounds of demurrer, involving as it does, the question of parties, must be disposed of primarily.

The bill shows that the judgment at law obtained in New York by Wightman against John S. Sammis, the intestate, was transferred to James and Lucetta Marcher before the action at law was brought on it in Florida. The assignment was without the reservation of any interest in the assignor; it is absolute and unconditional. Lynchburg Iron Co. vs. Taylor, 79 Va., 671, 674; Omohundro vs. Henson, 26 Gratt., 511. The action at law in Florida is also one in which James and Lucetta Marcher sued in the name of Wightman for their own use, they pursuing the only form of action that obtained at law in this State in favor of them as such assignees prior to the act of February 15, 1881, (Sec. 981 R. S.) which form of action we hold, in the opinion on the writ of error to such law judgment (Sammis, Admr. vs. Wightman, for the use of, etc. *ante*), filed cotemporaneously with this, has not been taken away by the statute mentioned. Such being the

nature of that action, the judgment therein is conclu-
sive evidence, in this cause, that the transfer to James
and Lucetta Marcher was proved on the trial of that
one. Such transfer was essential to the right of James
and Lucetta Marcher to sue in the name of the as-
signor Wightman for their use. Kendig vs. Giles, 9
Fla., 278; Field vs. Wier, 28 Miss., 56. In cases
where the assignees bring the action in the name of
the assignor for their own use, they are regarded as
the real plaintiffs. Of course the judgment rendered
in this cause must be regarded, in view of the allega-
tions of the transfer in this suit, as the property of
James and Lucetta Marcher, and not as that of Wight-
man. Kendig vs. Giles, *supra*; Wheeler vs. Wheeler,
9 Cow., 34; Littlefield vs. Story, 3 Johns., 425.

As stated in the opinion upon the writ of error, the
common law practice of the assignee suing in the name
of the assignor for their use resulted from the refusal
of the courts of law to recognize the transfer of choses
in action, and the farthest they went towards aiding
such assignees was to permit actions in the name of
assignors for the use of the assignees. Equity, on the
contrary, looking always at the substance of things,
and regarding forms only so far as they are essential
to a safe and orderly administration of justice, has
always recognized such transfers and regarded the as-
signees as the owners or parties really interested in
the subjects of such absolute transfers (Dixon vs. Bu-
ell, 21 Ill., 203); and in this country it is the firmly
established rule that it will administer relief to such

assignees in their own name. The English courts, though it seems not in all cases (Brace vs. Harrington, 2 Atkyns, 235), and the American courts in some of the earlier cases, regarded the assignor as a necessary party, but in this country now the settled rule is that the assignor when the assignment is absolute and unconditional, is not a necessary party, and is at most only a proper and formal party. Betton vs. Williams, 4 Fla., 11; Robinson vs. Springfield Company, 21 Fla., 203. We fail, however, to find any authority which, in the case of a simple, absolute assignment, does not regard the assignee or true owner as a necessary party. The contrary is distinctly held by every authority where we find the question discussed. The cases of Betton vs. Williams, and Robinson vs. Springfield Company, *supra*, considered either alone, or in connection with Kendig vs. Giles, *supra*, and Hooker vs. Gallagher, 6 Florida, 351, lead directly to, if they do not constrain, the conclusion we reach in this cause as to the necessity of James and Lucetta Marcher being parties complainant. If assignors are not necessary parties (and they are certainly not if uniformity of judicial view is any evidence of law), surely the assignees or owners of the chose in action are necessary or indispensable parties. In Field v. Maghee, 5 Paige, 538, it was held that the real party in interest must be a complainant in the court of chancery, and the assignee of a chose in action is not authorized to file a bill for the recovery of the same in the name of the assignor who has parted with all his interest in the subject-matter of the suit; and in Rog-

ers v. Traders Insurance Company, 6 Paige, 583, 596-7, the expression is: In this court the suit is properly brought in the name of the real party in interest, as the assignee is not permitted to file a bill in the name of a mere nominal party. In Gleason v. Gage, 7 Paige, 121, the decision was that where the plaintiff in a judgment, after causing an execution to be issued thereon, which is returned unsatisfied, assigns the judgment, the assignee may file a creditor's bill upon such judgment without taking out a new execution after the assignment; and in such bill it is not necessary for the complainant to state the consideration of the assignment. In the opinion it is said by the chancellor: In courts of common law the real party is sometimes permitted to prosecute his suit in the name of a third person who has no subsisting interest therein; and he is frequently compelled to use the name of the original creditor where a chose in action has been assigned; but in this court the assignee of a right of action must prosecute the suit in his own name, and it is a good defense, in most cases, that the nominal complainant has no interest in the subject-matter of the litigation. See also Mills vs. Hoag, 7 *Ibid*, 18; Sedgwick vs. Cleveland, 7 *Ibid*, 287; Van Hook vs. Throckmorton, 8 *Ibid*, 32; Hathaway vs. Scott, 11 *Ibid*, 173; Lowry vs. Morrison, 11 *Ibid*, 327. The decision in Varney vs. Bartlett, 5 Wis., 276, is that where the assignee of a chose in action resorts to a court of equity to enforce his rights therein, the suit must be prosecuted in his own name, and not, as in

cases at law, in the name of the assignor for the assignee's use. In Coale vs. Mildred, 3 H. & J., 278, there had been a decree setting aside certain conveyances as fraudulent, but the evidence showed a transfer by the complainant, the judgment creditor, of the judgment, and neither of the assignees were parties, and the Court of Appeals, after argument, reversed the judgment, counsel for appellee admitting that proper parties had not been made. In Haskell vs. Hilton, 30 Maine, 419, judgment at law was obtained in the name of the assignor of the chose in action, and a bill in equity was filed in the name of the assignor to reach property which, as alleged, was held under a fraudulent trust; and the proof was that the assignee was the sole and real judgment creditor; it was held that the bill should have been brought in the name of the assignee, and that the defect could be taken advantage of by demurrer or at the hearing, and the bill was dismissed at the hearing.

It is said in Bailey vs. Inglee, 2 Paige, 278, that persons are necessary parties when no decree can be made respecting the subject-matter of the litigation until they are before the courts either as complainants or defendants; or where the defendants already before the court have such an interest in having them made parties as to authorize those defendants to object to proceeding without such parties. Sammis has an interest in having before the court the real and sole owners of the judgment of which payment is sought.

They are the material and necessary parties, while Wightman is a formal and an unnecessary, yet not an improper party. This case is of course distinguishable from those where the subject of the assignment is an equitable, as distinguished from a legal interest. Fulham vs. McCarthy, 1 H. L. Cas., 703.

No other ground of demurrer will or should be noticed. The order appealed from will be reversed with directions to sustain the demurrer, and for such proceedings as are in accordance with equity practice.