PENINSULAR NAVAL STORES COMPANY, a Corporation, *Plaintiff in Error*, v. THOMAS MALICHI MATHERS, FRANCES MATHERS HARDEE, LEIGH REID MATHERS, and WILLIAM HENRY MATHERS, for the Use of GUYTE P. McCORD, *Defendant in Error*.

Opinion filed December 4, 1928.

622

*Jos. A. Edmonson* and *William Blount Myers,* for Plaintiff in Error;

*E. T. Davis,* for Defendants in Error.

CAMPBELL, Circuit Judge:

An ejectment suit, instituted in the court below by the defendants in error, as plaintiffs, against the plaintiff in error and Angus Morrison, as defendants, resulted in a verdict and judgment for plaintiffs. From this judgment the defendant Peninsular Naval Stores Company, a corporation, has sued out a writ of error to this court.

The first error assigned attacks the decision and order of the court below in overruling the defendant's motion for new trial. Under this assignment of error counsel for the plaintiff in error discusses various grounds of the motion for new trial.

The first ground of the motion for new trial was the ruling of the court below overruling the defendant's objection to the question propounded by counsel to the plaintiff, Guyte P. McCord, as a witness, asking whether or not he had in his possession, custody or control the original deed from John Beard, Receiver, to W. H. Mathers, or from John Beard, Register, to W. H. Mathers. The second ground of the motion for new trial attacks the ruling of the court in denying the motion of defendant to strike the direct testimony given by the witness, Guyte P. McCord, to the question objected to.

Guyte P. McCord, who was the real plaintiff in the court below, was a witness for the purpose of showing that he did not have the original deed from John Beard, Receiver, to W. H. Mathers in his custody or control, and as to his efforts to locate same, thus to lay a predicate for offering in evidence a certified copy of the deed.

It is the contention of plaintiffs in error that the Mathers, who are nominal plaintiffs, were the *real* plain-

tiffs in the case, and should have accounted for the original deed.

This Court has held to the contrary of both these propositions. Barnard Kendig, for the use of H. N. Gould v. Thomas Giles, 9 Fla. 278, and Clark v. Cochran, 79 Fla. 788, 85 So. R. 250. We find, therefore, that the ruling of the court below in permitting the plaintiff, Guyte P. McCord, to be interrogated and to testify as to whether or not he had in his possession or control the original deed inquired about, was not erroneous.

The fifth ground of the motion for a new trial is covered by the second assignment of errors, which is, "The court erred in overruling the objections of defendant Peninsular Naval Stores Company to the reading in evidence of page 519 of the Record Book 'A' of Wakulla County, Florida."

An examination of the photostatic copy of page 519 of the Record Book "A" found in the transcript of record, shows it to be the record of a deed to the property in question, made by John Beard, Receiver, to W. H. Mathers.

The defendant in the court below objected to the reading of this original record in evidence at the trial, and to the consideration of said original record by the jury, upon the following grounds, to-wit:

"1. The lands described in here are not described as being in Walkulla County.

"2. They are described as, known on the survey made by Hopkins and Hartfield.

"3 That the deed is signed by John Beard, Register.

"4. The name of the person executing the deed does not appear in the acknowledgment, and there only appears the word John.

"5. That acknowledgment shows that the person making

the acknowledgment acknowledges the above as his signature.

"6. The instrument in its present form not being properly authenticated, can only be admitted in evidence as an ancient document, and a proper predicate therefor has not been laid."

The counsel for plaintiff in error does not, in his brief, discuss or consider any of the foregoing objections that were relied upon in the court below.

In the brief before us another objection is urged, which seems, from the record, not to have been interposed in the court below. This objection is, that the original record was not admissable to prove the existence and execution of the original deed; that only a certified copy thereof was admissible.

We have, on several occasions, held that this court, on appeal, cannot consider any grounds of objections to the admissibility of evidence, except such as were made in the court below; the plaintiff in error is confined to the specific grounds of objections made by him in the trial court. Brown v. State, 46 Fla. 159, 35 So. R. 82; Hoodlass v. Jernigan, 46 Fla. 213, 35 So. R. 635; Cross v. Aby, 55 Fla. 311, 45 So. R. 820.

In the case of Tampa Electric Co. v. Charles, 69 Fla. 27, 67 So. R. 572, we held, that only such grounds of objections to the admissibility of evidence as were made in the court below, *and as are argued,* will be considered by us. Assignment of error numbered two, therefore, fails to bring before us any question for our consideration.

Reverting to assignment of error number one, which we have already observed complains of the court's order overruling the motion for new trial, plaintiff in error urges the sixth ground of the motion for new trial, which questions the ruling of the court below in overruling the objection

of defendant to the offering in evidence by the plaintiff of the abstract of title to the property involved, made by one J. M. Towles from the records of Wakulla County.

When this abstract was offered in evidence, the witness Towles had already testified, in substance, that he was, for a number of years, clerk of the Circuit Court of Wakulla County, Florida, and had also, for a number of years, been deputy clerk of the circuit court of the same county. He explained the mutilated condition of Record Book "A" and especially of page 519 thereof. According to his testimony, in the year 1892 or 1893 the court house of Wakulla County was destroyed by fire. Record Book "A" was, at the time of the fire, in an iron safe, the outside door of which was open at the time of the fire. The safe having, during the fire, fallen over on its face, this record book was saved from being completely consumed, but was so badly-scorched and charred that the county commissioners of the county had it rebound. Owing to the impaired condition of the paper, this binding failed to hold, and it was again rebound from the front, in order to try to preserve what was left of the record. This witness also testified that from time to time bits of the edges of page 519 of this record crumbled away, having been so badly scorched and charred by the fire. The mutilated or impaired condition of this record was made to appear from Record Book "A" itself, which was offered in evidence while L. L. Pararo, the clerk of the court of Wakulla County, was testifying in the case. This condition is shown in the record of this case by a photostatic copy of page 519.

The witness Towles, without objection upon the part of defendant, had testified to the condition of the original record of this deed at the time he made the abstract of title in question. He had testified as to certain words which were on the page at the time he made the abstract,

and which had crumbled away at the time he was testifying.

The abstract of title which was offered in evidence, was offered, not to prove the title to the lands in the plaintiff, but for the purpose of showing certain words that were found on this mutilated page of the original record when the abstract was made, and which did not appear on said page at the time of the trial. The witness had testified that this abstract was correctly made by him.

The court's ruling permitting the abstract of title to be put in evidence for the purpose mentioned was not, in our opinion, reversible error. There was being offered in evidence the record of a deed, the certified copy of which would necessarily show missing words, because, while the record had not been completely destroyed, it was so much damaged as to cause it to decay and crumble.

.Sec. 2732, Rev. Gen. Stats., provides as follows: "In all suits or proceedings concerning any land, or any estate, interest or right in, or any lien or incumberance upon the same, when it shall be made to appear that the original of any deed, conveyance, map, plat or other written or record evidence has been lost or destroyed, or is not in the power, custody or control of the party wishing on trial, to produce same, and the record thereof has been destroyed by fire, the Court shall receive all such evidence as may have a bearing on the case to establish the execution or contents of any deed, conveyance, map, plat, record or other written evidence so lost or destroyed," etc. See also Maria Feodora Peralta v. United States (U. S.) 18 L. ed. 221; Bedsole v. Davis, 189 Ala. 325, 66 So. R. 491; Stafford et al. v. Goldring (Ill.) 64 N. E. R. 395, text 397-398.

In the case last cited the Supreme Court of Illinois held that an abstract of title prepared by a firm of abstractors was competent to show certain matters appearing on a

record of a deed, the original deed and record of which had been destroyed by fire.

"Where a record has become illegible by reason of time, the testimony of a witness who examined and copied it while it was legible, may be received to supply the defect." Little v. Downing, 37 N. H. 355.

The plaintiff in error, under the first assignment of errors, urges, as a further reversible error, the ruling of the court below in admitting in evidence, over defendant's objections, the certified copy of p. 519, Record Book "A," same being the deed from John Beard, receiver, to W. H. Mathers.

The objections advanced by defendant at the trial of the case in the court below, were:

1. That the witness, Towles was not able to testify that the party of the first part in the deed was properly described in the acknowledgment.

2. That the certificate of acknowledgment does not contain the name of John Beard.

These are the only objections, or reasons, advanced by the defendant in opposition to the introduction in evidence of this certified copy of the deed. Probably there are other objections that could have been advanced, which, if pressed in this Court, might have raised some interesting questions, but we have only to consider the objections which the record shows were raised in the court below. The certified copy of the deed, as offered, was as follows:

"This Indenture made this Sixteenth day of June in of our Lord one Thousand eight hundred and fifty Six betee Beard Receiver of the Land belonging to the Apalacha Land C embraced in the Forbes Purchase Party of the first Part and Mathers of Wakulla County Party of the second part Witnesseth: said party of the First part in pursuant of a decree in assee on the 11th day of April

A. D. 1856 by the Honorable J. Wayles Judge of the Circuit Court of the Middle Circuit of Flori Chancery Sitting, and in consideration of the sum of·One hun forty four Dollars to the said Partey of the First Part Granted and sold and by these presants doth grant sell unto the said partey of the second part his heirs and assignees Tract of Land lying in said Purchase and in the County of W and known on a Survey made by Hopkins and Hartsfield Number Sixty five (65) Sixty Six (66) Ninty Five (95) and Six (96) Containing in all fourteene hundred and Forty acres less.

"Together with all the rights and appurtenances thereunto to have and to hold the above descri premices withe the appurtenances unto the said party of the second part his heirs and assign forever

"In Witness Whereof The said the first part hath hereunto set his hand and seal the day and year first above written

Signed and delivered in

presants of                           John Beard Register (Seal)

P. K. Brokaw

H. H. Blocker

"The State of Florida )

Wakulla County        )   "Be it remembered that on the Thirty day of July A. D. Eighteen hundred and       Seven the foregoing Instrument of writing was presented       The Clerk of the Circuit Court for Record, and John personally appeared before me Clerk of the Circuit Co and acknowledged the execution of the foregoing Instru       and the above to be his proper signature I have th   fore Recorded the S   Same the day and year above written.

"Given under my hand and seale of office at Newport the day and date above written.   H. L. Henderson Clk Circuit Court W. Co."

"State of Florida,
County of Wakulla.

"I, L. L. Pararo, clerk of the Circuit Court in and for the county aforesaid, do hereby certify that the above and foregoing instrument is a true and correct copy of a deed from John Beard, receiver to Wm. Mathers, as the same appears of record at page 519 of Deed Book A, public records of said county.

"Witness my hand and seal this the 4th day of November, A. D. 1926.

"(Seal)          L. L. PARARO, Clerk."

Prior to the offering in evidence of this certified copy, the witness J. M. Towles had testified, on direct examination, concerning the acknowledgement as it appeared on the original record when he had made an abstract in 1918, and also as to the changes in the record, that had occurred through deterioration from the effect of the fire, at the time of the trial, saying, "A part of the fourth line of the acknowledgement is gone. The last word on that line is 'John' and I surmise it was John Beard, but I don't remember positively whether it was John Beard at that time or not. I think it was."

It will be seen from the certified copy of the deed quoted above that the name Beard, Receiver, appears to have been the grantor, but the given name is missing. From the photostatic copy of the original record which is before us, it appears that at the end of the second line of the original record of the original deed, the letter "n" of the word "between" has crumbled away, and that the given name of the grantor, "Beard Receiver", has broken off from the end of this line, or from the beginning of line three of the original record. Referring to line four of the original record of the acknowledgement in question, photostatic copy of which is in the record before us, the given

name of the grantor "John," together with a part of the capital letter "B" of the surname of the grantor, is found, the remainder of the surname not appearing because of the breaking off of the margin of the record, as before explained. The typewritten certified copy of the record of course does not show that part of the capital letter "B" following the name "John", there being no character on the keyboard of the typewriter that would represent the part of the letter remaining.

The court below, in passing on the defendant's objections, had before it the testimony of Towles, the original record of the deed with all that it indicated as to the effects of the fire upon it, together with explanation by the witness Towles. In determining whether or not the grantor named in the deed was properly described in the acknowledgement of the original deed, and of the original record before its passing through the fire, and whether or not the original certificate of acknowledgement, or the original record thereof, contained the name of "John Beard," the court was warranted in considering, and doubtless did consider, the entire instrument.

In the case of Summer v. Mitchell, 29 Fla. 179, 10 So. R. 562, 14 L. R. A. 815, we held as follows: "The instrument acknowledged may be resorted to for support to the acknowledgement; and where the same name appears as a witness to the execution of the deed, and to the certificate of acknowledgement, as the officer taking it, it may be presumed, in support of the certificate, that these names represent the same person." In the same case this court said: "It is the established policy of the law to uphold certificates of acknowledgements of deeds, and, wherever substance is found, obvious clerical errors, and all technical omissions will be disregarded. Inartificialness in their execution will not be permitted to defeat them, if looking

at them as a whole, either alone or in connection with the deed, we find that they reasonably and fairly indicate a compliance with the law. Clerical errors will not be permitted to defeat acknowledgements when they, considered either alone or in connection with the instrument acknowledged, and viewed in the light of the statute controlling them, fairly show substantial compliance with the statute.''

From a consideration of all the evidence in this case, it is obvious that the original record of the deed contained the name of John Beard in the certificate of acknowledgement. Aside from these considerations, the conveyance, certified copy of which was being offered in evidence by the plaintiff, was an ancient document, having been of record for something like seventy years, and would, in our opinion, have been admissible in evidence, although defectively acknowledged or proved for record. See Bradley v. Lightcap, 201 Ill. 511, 66 N. E. R. 546; Stafford v. Goldring (Ill.) 64 N. E. R. 395.

In the last case cited, the Supreme Court of Illinois said: ''Deeds which have been of record almost fifty years are ancient deeds, and there being no suspicious circumstances connected therewith, proof of their due execution before a magistrate need not be shown, to render them admissible in evidence.''

The court below did not, in our opinion, err in admitting in evidence either the abstract of title for the purpose for which it was offered, or the certified copy of the deed from John Beard, Receiver, to W. H. Mathers.

At the trial of the case in the court below, plaintiffs offered in evidence a certified copy of an instrument purporting to be a deed to the property in question, executed by W. H. Mathers to Thirza B. Mathers, dated January 16, 1871, and recorded August 23, 1871, in Book ''C'' at page 233, public records of Wakulla County. To the intro-

duction of this document in evidence the defendant Peninsular Naval Stores Company, a corporation, objected. The trial judge overruled the objections and the document was admitted in evidence. Defendant, having excepted to such ruling, contended, in the eighth ground of its motion for new trial, that this ruling of the court was erroneous.

The objections before the trial court to the offering of this document in evidence were: "1. The acknowledgment was not taken before a Commissioner of Deeds for Florida, in the State of Georgia, or before the Judge of a Court of Record having a seal. 2. That the certificate of acknowledgment was not accompanied by a certificate of the Clerk of such court showing that the judge taking the acknowledgment is the judge of that court, and that the seal affixed to such acknowledgment was the seal of such court. "3. That the acknowledgment does not show that it was taken by a Justice of Peace in his Justice District, and his seal is not affixed to it, nor is his seal recited." These were the only objections made in the court below.

In support of these objections, the plaintiff in error contends before us that under the provisions of Sec. 21 of Article XVI of the Constitution of Florida, certified copies of only such deeds as have "been proved for record and recorded according to law" may be admitted in evidence, citing Norris v. Billingsly, 48 Fla. 102, 37 So. R. 564; L'Engle v. Reid, 27 Fla. 345, 9 So. R. 213.

The deed in question, certified copy of which was admitted in evidence over defendant's objection, purports to have been executed on January 16, 1871, in Thomas County, Georgia, by W. H. Mathers to Thirza Mathers. It appears to have been executed in the presence of two subscribing witnesses, viz: Josiah J. Evritt and Clinton Sneld. The proof of the execution of this deed, as shown from the cer-

tified copy, purports to have been made by the affidavit of a subscribing witnesses, the affidavit being as follows:

"Georgia,

"Thomas County.

"In person came Clinton Sneld, before me the undersigned a Justice of the Peace in said county, who being sworn says that he saw W. H. Mathers sign seal and deliver the above deed to Thirza B. Mathers for purposes therein mentioned, that he signed said deed as a witness himself in presence of W. H. Mathers and saw J. J. Evritt do so likewise.

"CLINTON SNELD.

"Sworn to and subscribed before me this Aug. 14, 1871.

"R. B. MADREE, J. P."

When this deed was executed the laws of Florida governing the proof of the execution of conveyance of lands in Florida, executed outside of the limit the of the State, but within the United States or any Territory or District thereof, the proof of the execution of deeds had to be made before a Commissioner appointed under the law of this State, or in case of sickness, death or inability to perform the duties of said office by the Commissioner, then the proof might be made before the Chief Justice, Judge, presiding Justice, or president of any court of record of the United States, or of any State or Territory thereof having a seal and a clerk or prothonotary. The law also required that the certificate of acknowledgment be accompanied by the certificate of the clerk or prothonotary, and under the seal of the said court, that the Chief Justice, Judge or president was duly appointed or authorized as such Judge,

Justice or president. Sée Sec. 1, Act of Feb. 27, 1840, also Sec. 12, Chap. 32, McClellan's Digest.

In making the first and second objections to the introduction of the certified copy of the document in question, counsel for defendant evidently had in mind the law above referred to. However, in the year 1873, the Legislature of Florida passed another Act touching the proof of execution of deeds and conveyances. This was Chap. 1939, Laws of Florida, Act of the Legislature of Florida, 1873. Secs. 1, 2, 3, 4 and 5 of Chap. 1939, were incorporated in McClellan's Digest on pages 218, 219, as Secs. 16, 17, 18 and 19 of Chap. 32.

In this law it was provided that deeds to lands in this State, executed in any other state, territory or district of the United States, might be executed according to the laws of such state, territory or district, and the execution thereof acknowledged before any judge or clerk of a court of record, notary public, justice of the peace, or other officer authorized by the laws of such state, territory or district to take the acknowledgement of deeds therein, etc.

It will be observed that there is nothing said in this Act requiring that the officers mentioned as entitled to take acknowledgments in other states should use an official seal.

It was provided in that part of Chap. 1939, as appears in Sec. 18, Chap. 32, McClellan's Digest, that where such officer did *not* have an official seal, he should attach thereto a certificate of the clerk, or other proper certifying officer of a court of record, or the certificate of the secretary of state, etc., that the person whose name was subscribed to the certificate of acknowledgment was, at the date thereof, such officer as he was represented to be; and that the

deed was executed and acknowledged according to the laws of such state, etc. .

This Act, Chap. 1939, *supra,* further provided, as shown in Sec. 19, Chap. 32, McClellan's Digest, page 219: "Any deed or conveyance *heretofore executed and acknowledged in compliance with the provisions of Secs.* 16, 17 *and* 18 (same as Secs. 1, 2, 3, of Chapter 1939) shall have the same force and effect, and be as valid as if the same had been executed after the passage of this Act." (Italics supplied.)

Under the provisions, then, of the Act of 1873, the Act of the justice of the peace in taking the affidavit of Clinton Sneld, one of the subscribing witnesses to the execution of the deed by W. H. Mathers to Thirza Mathers, was validated.

In the case of Summer v. Mitchell, *supra,* this court, speaking through Chief Justice Raney, said the following with reference to Sec. 4 of Chap. 1939, Laws of Florida, validating deeds previously executed in compliance with the provisions of said chapter, to-wit: "The intention of the Legislature in enacting the fourth section of the Act of 1873 was at least to render valid any irregularity in the acknowledgment of a deed of conveyance of land which had been previously executed in another state, if the execution of the deed and of the acknowledgment was in compliance with the laws of the state where the execution took place. The intention extended to making the acknowledgment as valid, at least, from the approval of the statute, as if at the time of the execution of the acknowledgment the law of this State had provided that deeds of conveyance executed according to the laws of the state of its execution might be acknowledged according to the laws of the state regulating the acknowledgment there, of lands located here." 29 Fla. pp. 203, 204 (text).

The defendant in the court below questioned also the validity of the proof of the execution of the deed, because the record did not show the official seal of the justice of the peace, nor did it recite the use of an official seal in attesting the affidavit.

This court has held that the recorder of deeds is not required to record the impress of official or private seals appearing on documents recorded. Summer v. Mitchell, *supra*; East Coast Lbr. Co. v. Ellis-Young Co. 55 Fla. 256, 45 So. R. 826; Green v. Camp, 61 Fla. 256, 54 So. R. 363.

As we have already said, the Act of 1873, known as Chap. 1939, did not require that the officer taking the acknowledgment should use a seal, but only that a certificate of of one of certain designated officials should be attached, showing that the officer taking the proof was authorized to do so, etc. There is no express provision in the statute which required the recordation of the certificate last referred to. If the justice of the peace did not affix his official seal to the certificate, there may have been a certificate from the proper official showing the authority of the justice of the peace to take the acknowledgment in the State of Georgia. The law not in specific terms requiring that such certificate be recorded, the clerk of the court who recorded the deed as acknowledged, may have deemed it unnecessary to record such certificate, considering it as only to inform the recorder of the authority of the official taking the acknowledgment, and thus authorizing him to record it as properly executed. These observations are suggested, in view of the fact that we have before us an ancient document and the record of an ancient document. And the court will indulge in the presumption that the recordation was authorized and the proceeding justified under the law.

This is a certified copy of an ancient instrument, and

the law relating to admitting ancient documents is, in our opinion, applicable. The deed purports to have been executed January' 16, 1871, and of record since August, 1871, some fifty-five years prior to the trial of this case.

In 18 C. J. at p. 421, par. 498, it is said: ''Upon the question whether the registry of a deed of ancient date was authorized by any law so that the registry may be evidence of the original deed, it has been decided that the law will always incline to give effect to such proceedings if possible, on the ground that a presumption in their favor, that at the time they were regarded as valid, arises from the fact of their having been taken, and the court will presume that the proceedings were justified by some law which then existed.''

In the case of Brown v. Edson, 23 Vt. 435, the Supreme Court of Vermont says: ''The Court will always incline to give effect to such ancient proceedings, if possible, upon the ground, that the very fact of their having been taken raises some presumption in their favor, that at the time they were regarded as valid; and unless the Court can perceive some sure ground, upon which their insufficiency rests, it ought to be presumed that some law then existed, by which the proceeding was justified, and which has escaped the investigation of the Court, through the obscurity which the lapse of time always induces.''

We think this deed and the record thereof, certified copy of which was introduced in evidence and which we are now considering, were ancient instruments, and that the certified copy was admissible in evidence, even if the original had been defectively proved for record. See 22 C. J. 953, par. 1172; also 22 C. J. 953, par. 1175, where it is said: ''If it be established that the document has been on record for over thirty years, this fact is strong evidence in favor of its genuineness, although it may not have been recorded in the place or manner required by law.'' Citing

Stafford v. Goldring, 197 Ill. 156, 64 N. E. R. 395; Whitman v. Heneberry, 73 Ill. 109; Quinn v. Eagleston, 108 Ill. 248. .

In the case of Whitman v. Heneberry, *supra,* it was said by the Supreme Court of Illinois, on p. 254 of 66 N. E. R.: "It is proper to admit in evidence a certified copy of a deed, which has been on record more than thirty years, *although not acknowledged as required by law in force when it was executed.*" (Italics supplied.)

The Supreme Court of Alabama, in the case of Bernestein v. Humes, 75 Ala. 241, held that ancient deeds may be proved by the record thereof in the proper office, if the record itself is more than 20 years old, although it appeared that the deed had not been so acknowledged or proved as to be entitled to record, and had not been so acknowledged or proved as to be entitled to record, and had not been recorded in the time required by law. See also Allison v. Little et al., (Ala.) 5 So. R. 221.

In the case of Stafford v. Goldring, on pp. 397 and 398, 64 N. E. R. (text), it appears that the Illinois court in that case held, that the entry of an abstract of title, made from the record of an instrument recorded upon an acknowledgment taken outside the State of Illinois, without certificate of magistracy, was legitimate testimony, the records having been destroyed, to prove the existence and record of an ancient deed. In the case of Clark v. Cochran, *supra,* Mr. Justice ELLIS of the Court, said, in passing upon the admissibility of certified copies of certain decrees and certified copies of recorded copies of certain instruments, the following: "These documents bore date from 1857 to 1880, and purport to be orders in a cause pending in the Court involving the lands described in the patent mentioned. These orders were recorded in deed books; they were not the original orders nor copies of the record of the originals, and they were not recorded in the

order books of the chancery court. Notwithstanding these deficiencies in the evidence offered and other technical objections raised by the defendant to these muniments of title, we think that there was no error in allowing the documents to be read in evidence.'' 79 Fla. 794 (text). On the same page of this opinion, Mr. Justice ELLIS, further discussing the ruling of the Court in admitting the document, held that such certified copies of documents were admissible as *ancient documents,* citing a number of authorities.

The ruling of the court below in overruling the defendant's objection to the introduction of the certified copy of the deed from W. H. Mathers to Thirza Mathers did not constitute reversible error.

The fourteenth, fifteenth, sixteenth and eighteenth grounds of the motion for new trial, which are grouped together in the discussion before us by the counsel for plaintiff in error, complain of certain instructions to the jury in the charge given by the trial judge. The counsel in their brief contend that the instructions complained of were misleading. It appears to us, however, that they are complaining of the failure of the judge to charge on a point of law.

The court below instructed the jury that if they found from the evidence that the defendant, or that the defendant and those through whom it claimed, had been in the actual, open, notorious possession of the lands involved, under a claim of right and adversely to all others, for a period of seven years, then they should find for the defendants. We think this instruction gave a correct proposition of law, and was supported by evidence. The counsel for plaintiff in error contends that the Court should also have charged the jury that if they found from the evidence that those under whom the defendants claimed title had been in the

actual, open, notorious possession of the lands, under a claim of right, for a period of seven years prior to the institution of the suit by plaintiffs, they should find for the defendants.

We think that the instruction which is now contended for by the counsel, if there was evidence to warrant it, was a correct statement of the law. The record, however, fails to show that the defendant in the court below, through its counsel, requested the Court to give such an instruction to the jury. This Court has held that the failure of the Court to charge the jury on a point of law, cannot be assigned as error unless the record shows that the instruction was prayed for and refused. Witt v. State, 80 Fla. 38, 85 So. R. 249; Hobbs v. State, 72 Fla. 228, 81 So. R. 444; Key West v. Baldwin, 69 Fla. 136, 67 So. R. 808, and numerous other cases cited in Vol. 1, Fla. Digest, page 393, column 2. The instructions in question are not susceptible to the exception made to them in the motion for new trial.

Thus far in our consideration of the first assignment of errors, all the grounds of the motion for new trial which were not specifically abandoned, have been disposed of, except the nineteenth, twentieth and twenty-first grounds. These grounds, in substance, contend that the verdict of the jury was contrary to the evidence and contrary to law.

We have considered the evidence, both documentary and oral, offered by the respective litigants at the trial in the court below. The question for the jury to determine, under the evidence and the charge of the Court, was whether or not the defendant had shown title to the property by adverse possession, either by itself or by itself and its predecessors, under a claim of right and color of title, for the statutory period of seven years.

There was, in our opinion, evidence to sustain the verdict of the jury. The judge of the court below heard the wit-

nesses, saw them, and was privileged to hear and observe all that transpired in connection with the taking of the testimony and the trial as a whole. He heard and considered the motion for new trial, containing the grounds questioning the finding of the jury on the law and the evidence, and he sustained the verdict. We find nothing in the record to satisfy us that the trial judge should have ruled otherwise.

The court below did not err in overruling defendant's motion for new trial.

The fourth and fifth assignment of error question the rulings of the trial judge in admitting, over defendant's objections, the certified copy of the assessment roll for the year 1873, which contains the assessment for that year of Lots 66 and 96 of Hartsfield survey, the same being the lands in controversy, and also in admitting, over defendant's objection, a certified copy of the advertisement for sale of the lands in Wakulla County, Florida, upon which the taxes had not been paid, this advertisement being recorded on pages 351, 352 and 353 of Book ''C & D'' public records of said county.

We do not think the court committed any reversible error in making these rulings. To sustain its case the defendant had offered, and there was admitted in evidence, without objection, what purported to be a tax deed for the property in question, executed by James W. Smith, Sr., clerk of the County Court of Wakulla County, grantor, to James W. Smith, Sr., grantee. In addition to this document, the defendant had offered, and there were admitted in evidence, certified copies of deeds for the property from heirs of James W. Smith, Sr., to several grantees, and through these and intervening grantees, to the defendant.

The certified copies of the assessment roll, and advertise-

ment of the lands for tax sale, were offered in
evidence by the plaintiffs for the purpose of show-
ing certain fatal irregularities in the proceedings regard-
ing the assessment of the taxes, which were delinquent, and
also the failure of the tax officials to so comply with the
law relative to the tax sale, as to render the tax deed to
James W. Smith, Sr., which was offered by defendant,
operative to convey a fee simple title.

The laws of the State of Florida providing the form of
tax deeds and their contents, at the time of the execution
of the tax deed to James W. Smith, Sr., referred to above,
provided that the tax deed should give the year for which
the unpaid tax was assessed. It should state that the sale
was made at public auction by the tax collector of the
county. Furthermore, it was required that if more than
one parcel of land was sold to the same purchaser, each
tract purchased should be described separately, and the sum
for which each tract was sold set forth. (See Acts of the
Legislature of Florida, 1874, pages 26 and 27).

The tax deed in the instant case purports to convey sev-
eral separate and distinct tracts of land. It fails, however,
to show the amount for which each parcel sold, and the
amount of unpaid tax on each parcel. It did not indicate
that the sale was made at public auction. It did not show
the years for which the taxes were assessed. In a number
of other respects this tax deed fell short of showing upon
its face that it was prima facie valid.

The tax deed failed, as we have already stated, to indi-
cate for what year the taxes were delinquent for which the
tax sale was made. The certified copy of the advertise-
ment of the sale of the lands for taxes, and the sale at
which the property described in the tax deed was evidently
made, shows that the sale was made April 5, 1875, instead
of April 5, 1874, as set forth on the face of the deed. This

copy of the advertisement furthermore shows that the year for which the tax was delinquent was 1873. The certified copies of both the assessment roll for the year 1873, and the advertisement of the lands for sale for unpaid taxes, conclusively show that lots numbered 66, 95 and 96, were assessed in the aggregate, and not each tract or lot separately; and the taxes were extended on the whole acreage, and not on each lot separately.

We think that had the tax deed so complied with law, in form and contents, as to make it *prima facie* valid, the certified copies of the tax roll and advertisement of property for tax sale would have been admissible in evidence for the purpose of overcoming the *prima facie* effect of the tax deed.

Certainly there can be no harmful error in the ruling of the Court, in admitting in evidence certified copies of the documents to show fatal irregularities in the tax proceeding, which only showed additional matters invalidating the tax deed, which already showed its invalidity upon its face.

The judgment of the court below is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the circuit court in this cause be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.