McCAIN, Justice.
Appellant was convicted by jury on October 22, 1971, of rape without recommendation of mercy in Broward County, Florida, and was duly sentenced to death. Later, under Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), our Court in Anderson et al. v. State, 267 So. 2d 8 (Fla.1972), reduced appellant’s sentence from death to life imprisonment or a lesser term, as may be decided by the trial judge, who, in this instance subsequently entered a sentence on September 22, 1972, of “ninety-nine years. Parole NOT recommended.”
When the original notice of appeal was filed, our Court had jurisdiction of the cause since it involved a capital case. Jurisdiction having therefore attached, we retain it for all purposes. Anderson, supra.
Oral argument has not been requested and accordingly we dispense with it pursuant to Rule 3.10(e), F.A.R., 32 F.S.A.
Appellant’s main thrust surrounds his defense of not guilty due to insanity at the time of the alleged crime. He alleged *65 prejudicial error through violation of his rights against self-incrimination by the trial judge allowing psychiatrists to testify to the facts appellant gave them concerning his participation in the alleged rape.
Significantly, we point out that the appellant called as witnesses two psychiatrists, Doctors O’Lone and Eichert. Defense counsel himself, through Dr. Eichert, elicited in detail all the facts and circumstances leading up to and including the alleged crime.
This obviously laid the foundation for the prosecutor who subsequently called psychiatrists, Drs. Huber and Pierson, to also inquire into appellant’s legal sanity based upon the facts surrounding the alleged crime (particularly Dr. Huber).
Appellant formed his defense, spun the wheel of chance and lost. He is not now in any position to complain.
Additionally, we observe that no objections were mad'e or voiced over the testimony above referenced, which therefore comes into evidence with a presumption of consent. Hoodless v. Jernigan, 46 Fla. 213, 35 So. 656; Markey v. State, 47 Fla. 38, 37 So. 53; Dickens v. State, 50 Fla. 17, 38 So. 909; Lewis v. State, 55 Fla. 54, 45 So. 998; Peninsular Co. v. Mathers, 96 Fla. 620, 119 So. 333; Fraterrigo v. State, 151 Fla. 634, 10 So.2d 361; Montgomery v. State, Fla.1965, 176 So.2d 331. See also Parkin v. State, Fla.1970, 238 So. 2d 817.
Furthermore, the psychiatrists submitted by the State established appellant’s legal sanity at the time of the alleged rape, and two laymen (policemen) testified concerning his normal behavior and reactions. This became a jury issue which was resolved against the appellant.
Appellant cites McMunn v. State, Fla.App.1972, 264 So.2d 868, in support of his contention for reversal on this point, but, in passing, we only wish to point out in that case the testimony that was admitted was over definite objections by the defense.
Appellant next asserts as error (1) admission of testimony concerning certain items of jewelry taken in the home where the alleged rape occurred and identified by the owner from black and white photographs, (2) admission of testimony by the same witness that certain of the items of jewelry contained in the photographs could not be identified, and (3) the fact that the police returned the jewelry to the owner of the home in which the alleged crime oc- ■ curred.
Obviously the appellant was only on trial for rape (not breaking and entering or larceny), and these arguments are accordingly without merit. First, no material objections were made as to the identification or on the other cited issues (see cases, supra) and second, the identification testimony laid a reasonable predicate for the admission of the testimony of at least one psychiatrist to opine that the appellant knew what he was doing, i. e., the difference between right and wrong.
We have examined and considered the record in this case in the light of all briefs, documents filed and arguments propounded, and under Rule 6.16(b), F.A.R., reviewed the evidence to determine if the interests of justice require a new trial.
One may insist that no crime is a crime irrespective of the circumstances, however, we do not adhere to any such theory, and we cannot exist in the shadow of such a large umbrella. In the spirit of justice, not vengeance, reversible error does not appear and the evidence does not reveal that the ends of justice require a new trial.
Therefore, the conviction, judgment and ' sentence, as modified, supra, is hereby affirmed.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN and DEKLE, JJ., concur.