421 So.2d 701 (1982)
Mary DYE, As Personal Representative of the Estate of Ernest James Hill, Deceased, Petitioner,
v.
Mary B. HOUSTON and Ellis Arnold Rogers, As Personal Representatives of the Estate of Lillian Rogers Allbritton, Deceased; Delores P. Daughtry, As Personal Representative of the Estate of Harvey Daughtry, Deceased; Fidelity & Casualty Company of New York; and State Farm Fire and Casualty Company, Respondents.
No. AJ-467.
District Court of Appeal of Florida, First District.
November 9, 1982.
*702 Richard B. Davis, Jr., Jasper, for petitioner.
Mary K. Phillips of Bedell, Bedell, Dittmar & Zehmer, Jacksonville, and Frederick L. Koberlein of Brannon, Brown, Norris, Vocelle, Haley, Brown & Robinson, Lake City, for respondents.
McCORD, Judge.
Petitioner administrator seeks a writ of common law certiorari from an order of the trial court which in part granted respondent's motion for summary judgment as to damage claims included in petitioner's second amended complaint in this wrongful death action. The suit was brought by petitioner under Section 768.20, Florida Statutes, to recover for the benefit of the petitioner's decedent's survivors and estate damages caused by injuries resulting in the death of petitioner's decedent. We grant certiorari and quash that part of the order for which review is sought.
This action grew out of an automobile accident in which petitioner's decedent, Ernest James Hill, was allegedly injured and killed as a result of the negligent operation of a motor vehicle by Harvey Daughtry with the consent of the owner of the vehicle, Lillian Rogers Allbritton. Daughtry and Allbritton were also killed in the accident and their personal representatives are defendants/respondents. Fidelity and Casualty Company of New York was also made a defendant as the alleged insurance carrier of decedent Allbritton and State Farm Fire and Casualty Company was made a party defendant as the alleged insurance carrier of Daughtry. From the appendix, petition, responses, and reply filed in this Court, it appears that the accident occurred on October 7, 1978; that the original complaint was filed in January 1980, an amended complaint was filed in April 1980, a second amended complaint was served on September 14, 1981, and on October 8, 1981, the court entered an order allowing the filing of the second amended complaint. Then on January 13, 1982, the trial court entered the order in which it granted summary judgment as above related as to the personal representative's damage claim against the respondents on behalf of decedent Hill's widow. It further appears that the damage claim was included for the first time in the second amended complaint, and the granting of summary judgment as to it was on the ground that it was barred by the statute of limitations [Section 95.11(4)(d), Florida Statutes] since it was not filed within two years following Hill's death. The trial court found that such claim introduced new issues and would be prejudicial to the respondents.
Respondents contend that the claim for the surviving widow's benefits was timebarred unless the amendment related back to the filing of the original complaint and that an amendment such as this which adds an entirely new claimant and new claim for damages to the complaint is not the sort of amendment which relates back to the date of the original pleading. It appears, however, that the authorities cited in support of this proposition relate to amendments to pleadings and not to the question of the running of the statute of limitations. Florida Rule of Civil Procedure 1.190, in relation to amended and supplemental pleadings, provides that "leave of court shall be given freely when justice so requires" and here, the trial court had previously entered an order allowing the second amended complaint *703 which included the additional damage claim.
The pertinent statute of limitation, Section 95.11(4)(d), provides that an action for wrongful death shall be commenced within two years. In 1972, the legislature repealed the then existing wrongful death statute and enacted a new one which is encompassed in Section 768.16-768.27. The new act became effective on July 1, 1972. Under the old act (Section 768.01-768.04, Florida Statutes, 1971), the action was required to
... be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed.
(§ 768.02, Florida Statutes, 1971.) Under the new act, Section 768.20 provides as follows:
The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death.
Under the applicable statute of limitations [95.11(4)(d)], only the personal representative may bring the action, and, here, such action was filed within the two-year period. The filing of the second amended complaint was not the filing of the action but was merely an amendment as to damages.
The trial court in its order and the parties to this review have alluded to the question of whether or not claims were filed or properly filed in the estates of Daughtry and Allbritton and the effect of the Section 733.702, Florida Statutes, limitations on presentation of claims in the estates. That question, however, is not before us on this review, but we note that Section 733.702(3) states as follows:
Nothing in this section affects or prevents:
(a) * * *
(b) To the limits of casualty insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by the casualty insurance.
See also footnote 1 in Koschmeder v. Griffin, 386 So.2d 625 (Fla. 4th DCA 1980).
Certiorari is granted and paragraphs 3 and 4 of the trial court's order of January 13, 1982, are quashed.
ERVIN and SHIVERS, JJ., concur.