667 So.2d 894 (1996)
Peter DING, Individually and as Personal Representative of the Estate of Joan Ding, Deceased, on Behalf of the Estate of Joan Ding and Survivor, Peter Ding, Appellant,
v.
Leo D. JONES; Walden Leasing, Inc.; Florida Coca Cola Bottling Company, a corporation; the Merged Corporation of Fort Myers Coca Cola Bottling Company, Corporation, Appellees.
No. 95-00705.
District Court of Appeal of Florida, Second District.
February 7, 1996.
Mark Norden of Mark Norden, P.A., Ft. Myers, for Appellant.
Ted R. Manry, III, and D. James Kadyk of Macfarlane, Ausley, Ferguson & McMullen, Tampa, for Appellees Leo D. Jones and Florida Coca Cola Bottling Company.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellee Walden Leasing, Inc.
CAMPBELL, Acting Chief Judge.
Appellant, Peter Ding, as surviving husband of Joan Ding, deceased, individually, and as personal representative of the estate of Joan Ding, deceased, challenges the orders dismissing his wrongful death counterclaim against appellee, Leo D. Jones (Jones), his wrongful death cross-claim against appellee, *895 Walden Leasing, Inc. (Walden), and his wrongful death third party claim against appellee, Florida Coca Cola Bottling Company (Coca Cola). Appellant's individual claims arising out of negligence remain pending. We affirm the dismissal of appellant's wrongful death claims resulting from the death of his wife in regard to appellees Walden and Coca Cola and that part of his counterclaim against appellee Jones that sought recovery on behalf of the estate of Joan Ding. We reverse the dismissal of appellant's counterclaim seeking recovery as the surviving spouse for the wrongful death of his wife as to appellee Jones.
Since appellant's wrongful death claims were dismissed as untimely under the wrongful death statute of limitations, appellant maintains on appeal that the doctrine of recoupment should have allowed him, in defense of the action brought against him, to advance his claim for all damages he sustained, even if they were otherwise barred by the statute of limitations. In support of his positions, appellant relies on Allie v. Ionata, 503 So.2d 1237 (Fla.1987) and Dye v. Houston, 421 So.2d 701 (Fla. 1st DCA 1982). We conclude, as we will explain, that while Allie applies to the circumstances surrounding appellant's wrongful death claim as surviving spouse arising out of his wife's death which was pled as a counterclaim against Jones, it does not apply to the other appellees or to appellant's wrongful death action on behalf of Joan Ding's estate. This holding results from our determination that the surviving spouse's rights in a wrongful death action are personal to that surviving spouse. Even though a wrongful death action must be brought by the personal representative of the estate as a nominal party on behalf of the surviving spouse, the real party in interest is the surviving spouse.
The history of the facts and circumstances that lead to this appeal begins with an automobile accident on July 14, 1990, in which appellant's wife, Joan Ding, was killed. Mrs. Ding was a passenger in a car driven by her husband, appellant, and owned by appellee Walden. The fatal accident occurred when a truck driven by appellee Jones and owned by appellee Coca Cola crashed into the side of the Walden vehicle driven by appellant. Mrs. Ding was killed, and appellant was injured. When appellant recovered sufficiently to be discharged from the hospital, he returned to the Dings' home in England.
The first legal action arising out of the accident began on February 15, 1994, almost four years after the accident and well after the two-year statute of limitations for wrongful death actions. § 95.11(4)(d), Fla.Stat. (1989). That action was initiated by appellee Jones, the driver of the Coca Cola truck, against appellee Walden as owner of the vehicle driven by appellant Ding, and against Ding, individually, as driver of that vehicle. Appellee Jones in that action sought to recover damages for his personal injuries received in the accident based upon his allegations of appellant Ding's negligence as driver of the Walden vehicle.
Appellant Ding subsequently filed claims against Jones, Walden and Coca Cola, seeking a recovery in negligence for Ding's own injuries and seeking a recovery for, as surviving husband, the wrongful death of his wife. Appellant Ding, in his capacity as personal representative, also filed wrongful death claims against all three appellees on behalf of his wife's estate.
Count I of appellant Ding's pleading seeking affirmative relief consisted of his individual counterclaims against appellee Jones, his third party claim against Coca Cola and his cross-claim against Walden seeking damages for Ding's personal injuries based upon the alleged negligence of each of the three appellees. Count I survived a motion to dismiss and remains pending.
Count II was Ding's action as personal representative of the Estate of Joan Ding, deceased, seeking recovery on behalf of the estate of Joan Ding against each of the three appellees for the wrongful death of Joan Ding. Count II was dismissed as being barred by the two-year wrongful death statute of limitations. We affirm that dismissal, as we will explain. Count III was Ding's action as personal representative of the estate of Joan Ding, on behalf of Ding as surviving husband against each of the three appellees for the wrongful death of Joan Ding. Count III was also dismissed as being *896 barred by the statute of limitations. We conclude that the proper application of Allie to the circumstances of this case requires us to affirm the dismissal of Count III as to Walden and Coca Cola, but reverse as to Jones.
Appellees' principal argument against allowing the wrongful death claims to be asserted in the action brought by appellee Jones against appellant Ding, individually, is that the right to bring the wrongful death claims by statute rests in a different party, i.e., appellant Ding as personal representative of the estate of Joan Ding, deceased. We find that argument unavailing as to appellee Jones in regard to Ding's personal wrongful death rights to be compensated as surviving husband of Joan Ding.
In order to understand our resolution of this matter, it is necessary to first examine The Florida Wrongful Death Act, sections 768.16 through 768.27, Florida Statutes (1989). The purpose of the Act is to provide for a right to damages in a "survivor" (Ding) for the survivor's losses because of the death of a "decedent" by "wrongful act." When such a "survivor" is also a participant in the event that resulted in the survivor's decedent's death and is sued by another participant or tortfeasor, the survivor should have the right to both defend and affirmatively counterclaim against the participant bringing the action for all rights the survivor has which grow out of the event even if those rights had been otherwise barred by a statute of limitations. We conclude that in such a situation, the right to defend against an affirmative counterclaim in an action by reason of a statute of limitation defense is waived when one possessing such a statute of limitation defense is the one who initiates the action. That is the very essence of the doctrine of recoupment:
We are further persuaded by consideration of the purposes of statutes of limitation. The expiration of a statute of limitation does not resolve the underlying merits of the consequently barred claim in favor of either party; it merely cuts off the remedy of the party who has slept on his rights. Limitation statutes are designed as shields to protect defendants against unreasonable delays in filing law suits and to prevent unexpected enforcement of stale claims.
....
A party who seeks affirmative relief, whether through an original complaint or a counterclaim, effectively asserts that he is prepared to prosecute all aspects of that matter. Having sufficient knowledge of the facts to support a complaint and sufficient evidence to prosecute that complaint, he must be prepared to defend against any affirmative defenses arising therefrom. Thus, once a party files an affirmative action, he cannot thereafter profess to be surprised by or prejudiced by affirmative defenses or compulsory counterclaims that stem from that action. The same rationale which permits the defense of recoupment at all on a claim which would be barred by the statute of limitations supports the recovery of affirmative relief. We can perceive no logical reason to prohibit an affirmative judgment in such circumstances.
Allie, 503 So.2d at 1239-1240 (citations omitted).
It becomes important then to determine, when the counterclaim provisions of Florida Rule of Civil Procedure 1.170 are implemented, who is the "party" or the "pleader" with the right to assert the claim and, if not already a party to the action, how that entity may be made such a party. Rule 1.170(a) provides:
[A pleader] shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

(Emphasis supplied.)
Florida Rule of Civil Procedure 1.210(a) provides:
(a) Parties Generally. Every action may be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose *897 name a contract has been made for the benefit of another, or a party expressly authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought. All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if that person's presence is necessary or proper to a complete determination of the cause. Persons having a united interest may be joined on the same side as plaintiffs or defendants, and anyone who refuses to join may for such reason be made a defendant.
(Emphasis supplied.)
Florida Rule of Civil Procedure 1.230 provides:
Rule 1.230 INTERVENTIONS.
Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
Finally, Florida Rule of Civil Procedure 1.240 provides:
Rule 1.240 INTERPLEADER
Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claim of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of crossclaim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties otherwise permitted.
The acknowledged purpose of modern procedural rules is to allow joinder of all parties having an interest in a controversy. This was clearly stated in Shingleton v. Bussey, 223 So.2d 713, 718 (Fla.1969), as follows:
It can hardly be denied that one of the fundamental goals of modern procedural jurisprudence is to secure a method of providing an efficient and expeditious adjudication of the rights of persons possessing adverse interests in a controversy. The liberal joinder provisions of Rule 1.210(a), Florida Rules of Civil Procedure, 30 F.S.A., acknowledges this policy by providing: "Any person may be made a defendant who has or claims an interest adverse to the plaintiff."
We conclude, therefore, that when Jones initiated the action in this controversy by suing Ding individually, it was within the contemplation of our rules of procedure and the Wrongful Death Act that Ding be allowed to assert against Jones all of his individual interests that grew out of the controversy. It is clear to us that Ding's rights as the surviving husband of Joan Ding under the Wrongful Death Act are rights that are personal to him. It is his cause of action as a surviving husband even though section 768.20 provides that the "action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages...." (Emphasis supplied.) It is also clear that the purpose of this provision in the current version of the Wrongful Death Act enacted in 1972, was to eliminate the multiplicity of suits that resulted from each survivor bringing an independent action under the predecessor act. It is equally clear under the 1972 act that the survivor's cause of action remains personal to the survivor even though the action is required to be brought by the decedent's personal representative.
Section 768.21(1) provides: "Each survivor may recover ...," and section 768.21(2) provides that "the surviving spouse may also recover...." Lending further credence to the personal nature of the survivor's claims is the provision of section 768.20 which states: "A defense that would bar or reduce a survivor's recovery if he were the plaintiff may *898 be asserted against him, but shall not affect the recovery of any other survivor." Finally, section 768.22 provides: "The amounts awarded to each survivor and to the estate shall be stated separately in the verdict." The personal nature of the survivor's cause of action was recognized in Rimer v. Safecare Health Corp., 591 So.2d 232, 235 (Fla. 4th DCA 1991), approved, 620 So.2d 161 (Fla. 1993) in the following statement: "Accordingly, the Wrongful Death Act creates an independent cause of action in the statutory beneficiaries, and any recovery obtained therein cannot properly be set off by the decedent's settlement of a personal injury claim against a separate tortfeasor."
In Martin v. United Security Services, Inc., 314 So.2d 765, 769 (Fla.1975), the court stated:
In summary, the items of damage recoverable under new Section 768.21 allow each specified survivor to recover for (1) loss of past and future support and services; (2) loss of companionship and protection; and (3) his or her own mental pain and suffering from the date of the injury. The personal representative of the estate may recover for medical expenses, funeral expenses, and loss of earnings.
In merging the two prior actions, the legislature transferred the items of damage for loss of earnings, medical expenses, and funeral expenses from the survival statute to the new Wrongful Death Act. The claim for pain and suffering of the decedent from the date of injury to the date of death was eliminated. Substituted therefor was a claim for pain and suffering of close relatives, the clear purpose being that any recovery should be for the living and not for the dead.
In Pearson v. DeLamerens, 656 So.2d 217, 220 (Fla. 3d DCA 1995), the court held:
Under the Florida Wrongful Death Act, it is the responsibility of the decedent's personal representative to bring the wrongful death action on behalf of the survivors and the decedent's estate. The personal representative is responsible for the conduct of the litigation. In so doing, the personal representative acts in a fiduciary capacity.
....
The personal representative is the individual having the power to enter into settlements of wrongful death actions. Insofar as pertinent here, however, if a survivor objects to a settlement as to amount or apportionment, then the settlement is not effective unless approved by the court.
In analyzing the relationship between a nominal plaintiff and the real party in interest, the supreme court reiterated in Thomas v. Martin, 100 Fla. 146, 129 So. 602, 603 (1930), as follows:
This court has held that:
"In all suits brought for the use of another, the person in whose name the suit is brought for the use of another is but the nominal plaintiffthe real plaintiff is the person for whose use it is instituted; he brings the suit in the name of the nominal plaintiff, by virtue of a right to use his name, and if he recovers, the proceeds go to himconsequently he controls the suit and he may discharge it. The nominal plaintiff has no control or management of the suit." Kendig v. Giles, 9 Fla. 278, 281. See also Robinson v. Springfield Co., 21 Fla. 203, 218; Sammis v. Wightman, 31 Fla. 45, 52, 12 So. 536; Hamberg v. Liverpool & L. & G. Ins. Co., 42 Fla. 86, 93, 27 So. 872; Peninsular Naval Stores Co. v. Mathers, 96 Fla. 620, 119 So. 333.
In conclusion, we hold that when appellee Jones instituted his action against appellant Ding in regard to the accident that occurred on July 14, 1990, Jones waived any statute of limitation defenses that he may have had against Ding. Appellant Ding was then entitled to pursue any defenses or affirmative claims growing out of that accident that Ding individually may have had against Jones, including Ding's survivor rights under the Wrongful Death Act. We also hold that while Jones' actions against Ding revived Ding's rights that may have previously been barred by the statute of limitations, Jones' actions did not waive those statute of limitation defenses that Walden and Coca Cola may have had against Ding.
*899 We, therefore, affirm the dismissal of Ding's attempted actions against Walden and Coca Cola. We reverse and remand the dismissal of Ding's wrongful death counterclaim against Jones on behalf of Ding, individually. We also affirm the dismissal of the attempted wrongful death counterclaim on behalf of the estate of Joan Ding, deceased. Jones' actions against Ding, individually, did not revive the statute-of-limitation-barred claims of the estate.
Affirmed in part, reversed in part and remanded.
BLUE and QUINCE, JJ., concur.